## KEEN *v.* TANNER.

1. It was not error to exclude parol evidence offered for the purpose of showing that in a certain suit orders had been taken dismissing the same. If such orders had actually been granted by the court and taken, there was higher and better evidence of the fact than that which was tendered and rejected.
2. Where a record in a case pending in court has been lost, and a copy thereof, including the exhibits to the petition, has been established in lieu of the lost original record, such established copy takes the place of the lost original record and may be used for any of the purposes for which the original could be used. But this would not render exhibits to the lost petition competent evidence, in the absence of proof of a loss or destruction of the originals, as affirmative and independent proof of the contents of the writings of which the exhibits purported to be copies.
3. The material issue in this case being as to whether the petitioner was entitled to an injunction against the enforcement of a writ of possession based upon a verdict in an ejectment suit in favor of the defendant in this case against the petitioner, upon the ground that petitioner had not been duly served in the ejectment case and that the judgment

against him had been obtained by fraudulent practice of the plaintiff in the ejectment case by proceeding in that case in the absence of the defendant after having agreed to dismiss the case, the court did not err in ruling out, as immaterial, testimony tending to show that certain evidence which had been submitted in the trial of the ejectment case was not competent for the purpose for which it was adduced.

4. Under the evidence in this case the petitioner was not entitled to the relief sought, and the court did not err in directing a verdict in favor of the defendant.

APRIL 14, 1911.

Equitable petition. Before Judge Parker. Coffee superior court. March term, 1910.

*Hendricks & Christian* and *Benjamin T. Allen,* for plaintiff.

*Quincey & McDonald* and *Lankford & Dickerson,* for defendant.

BECK, J.   J. W. Keen brought his equitable petition against B. H. Tanner, seeking to obtain an injunction to restrain the enforcement of a writ of possession issued from the superior court of Coffee county, based upon a verdict and judgment in favor of the defendant Tanner against petitioner in the superior court of said county. It is alleged in the petition that the plaintiff had never been served with a copy of the suit in ejectment, and that he had never had his day in court. It appears from the evidence that Tanner was the purchaser of a lot of land at sheriff's sale which was had under a fi. fa. in favor of B. H. Tanner against D. W. Henderson. Petitioner shows that he had title to the lot of land in controversy, and that D. W. Henderson, the defendant in the fi. fa., had never had title to the property, but that he, the petitioner, had derived title through other parties, and that D. W. Henderson was an entire stranger to the title. Defendant Tanner answered the petition, showing that he had purchased at the sale referred to in the petition; and that he had brought complaint in the statutory form for this land, and had recovered a judgment in his favor for the same. He also averred in his answer that plaintiff had been duly served in the ejectment suit.

1-3. No elaboration is required of the principles stated in headnotes 1, 2, and 3.

4. On a comparison of the record in the case of B. H. Tanner *v.* J. W. Keen, the same being a complaint for land brought by the defendant in the present case against the plaintiff therein, it sufficiently appears that the judgment in favor of the plaintiff in the ejectment suit covered the land in controversy in the present case.

The petitioner failed entirely to sustain his allegation that he had not been served and had not had his day in court in the ejectment suit which resulted in a judgment for the defendant in the present case. Nor is there any evidence in the record to show that Tanner, the plaintiff in the ejectment suit, or his counsel had practiced such fraud in procuring the judgment in the ejectment case as would render the judgment void. While the petitioner by amendment made the additional allegation that counsel for plaintiff in the ejectment suit had agreed to dismiss that case, and instead of doing so had, in the absence of petitioner, taken a verdict and judgment against him, this allegation contained in the amendment was not supported by the evidence.

Having thus failed to establish his contention that the judgment in the ejectment suit was the result of fraud practiced upon him, and that he had never been served as alleged in the petition, the petitioner was not entitled to the injunctive relief sought, and the court did not err in so holding.

*Judgment affirmed. All the Justices concur.*